IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-423-FL

| | |
|---|---|
| DAWN V. QUASHIE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMET OF VETERANS AFFAIRS )<br>DURHAM VA HOSPITAL CENTER and )<br>KENNETH C. GOLDBERG, individually )<br>and in his official capacity, the Chief of Staff )<br>for the Durham VA Healthcare System, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon plaintiff's motion for entry of default (DE 17) and defendants' motion to dismiss (DE 21). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiff's motion is denied, and defendants' motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on July 31, 2020, alleging retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff seeks declaratory relief, reinstatement, compensatory and punitive damages, and attorneys' fees and costs. On December 16, 2020, plaintiff filed motion for entry of default, relying upon an affidavit of counsel and purported proof of service on defendants. Defendants filed the instant motion to dismiss on January 6, 2021, seeking dismissal of plaintiff's complaint for insufficient service of

process, lack of subject matter jurisdiction, and failure to state a claim. That same day, defendants responded in opposition to plaintiff's motion for entry of default.

**STATEMENT OF FACTS**

The facts alleged in plaintiff's complaint may be summarized as follows. Plaintiff, a physician, began her employment with defendant Department of Veterans Affairs Durham VA Medical Center ("VA") April 10, 2011, and successfully completed a period of probation February 2, 2013. (Compl. (DE 7) ¶¶ 7-8). Prior to her employment with defendant VA, plaintiff had years of experience practicing medicine in a variety of public and private settings, and she was accustomed to efficient management of medical facilities. (Id. ¶¶ 4, 10). Plaintiff alleges that she provided the highest level of care to her patients. (Id. ¶ 10).

While working at defendant VA, plaintiff believed that the administrators of ambulatory care demonstrated incompetence, and she documented her concerns in an email to the associate chief of staff for ambulatory care. (Id. ¶ 11). In response, plaintiff was allegedly admonished for "conduct unbecoming." (Id.). Because plaintiff wanted to improve the working conditions of healthcare providers, she escalated her concerns to the President of the United States, and worked actively to establish union representation for physicians employed by defendant VA. (Id.).

As a result of plaintiff's efforts, defendant Kenneth C. Goldberg and other administrators within defendant VA allegedly embarked on a scheme to undermine plaintiff's effectiveness as a physician, retaliate against her, and terminate her employment. (Id. ¶ 12). Allegedly in furtherance of this goal, plaintiff was issued a charge of "failure in the performance of assigned duties" for "clinical concerns in: (i) documentation completion within 24 hours of encounters, (ii) diagnostic studies communicated within 14 days of receipt to patients, (iii) View alerts/unsigned notes, (iv)

2

Colorectal cancer screening being completed, and (v) Evaluation of Positive Depression Screen scores." (Id. ¶ 13).

## COURT'S DISCUSSION

A. Motion to Dismiss

1. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, " [the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider " legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without

converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

2. Analysis

   a. Time Bar

Title VII provides a time limit for suits brought by federal employees aggrieved by discriminatory adverse employment actions: "Within 90 days of receipt of notice of final action taken by [the employing government department, agency, or unit], . . . on a complaint of discrimination" an employee "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action." 42 U.S.C. § 2000e-16(c). A claim is time barred if it is not filed within this time limit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see Irwin, 498 U.S. at 95.

Here, plaintiff's action is time barred because it was not brought within 90 days of receipt of notice of final action taken by defendant. The Equal Employment Opportunity Commission issued plaintiff a notice of right to sue letter November 16, 2018. (See Compl., ex. 1 (DE 7-1) at 4). Yet, plaintiff did not file the instant action until July 31, 2020, well after the 90-day deadline expired.

In a prior, related action, Quashie v. Department of Veteran Affairs Durham VA Medical Center, Durham, et al, No. 5:19-CV-49-FL, on February 20, 2018, plaintiff filed complaint against defendants, asserting a Title VII claim, which the court dismissed without prejudice for failure to effect service of process. Although the United States Court of Appeals for the Fourth Circuit has not addressed this precise issue in a published opinion, several other circuits, as well as the Fourth Circuit

4

in an unpublished opinion, have held that dismissal of a claim without prejudice does not toll the statute of limitations. See Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 329 (4th Cir. 2012); Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed [without prejudice], the timely filing of the complaint does not toll the ninety-day limitations period." (citations omitted)); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987) (same); O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90–day limitations period." (internal quotations omitted)); Simons v. Sw. Petro–Chem, Inc., 28 F.3d 1029, 1030–31 (10th Cir. 1994) (same).

Finding the reasoning of these cases persuasive, the court concludes that plaintiff's complaint is time barred. Accordingly, defendants' motion to dismiss is granted, and plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

      b.      Improper Defendant

In addition, and in the alternative, defendants seek dismissal of plaintiff's complaint on the ground that plaintiff failed to name the proper party as a defendant. As relevant here, Title VII provides that a federal employee "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . . in which civil action <u>the head of the department, agency, or unit, as appropriate, shall be the defendant</u>." 42 U.S.C. § 2000e-16(c) (emphasis added). Plaintiff alleges that the "Department of Veterans Affairs Durham VA Medical Center" is the employing government department. (Compl. (DE 7) ¶ 5). Plaintiff appears to have combined the names of two separate entities: the Department of Veterans Affairs and the Durham VA Health Care System. Nevertheless, the Secretary of Veterans Affairs is the head of both entities, and

therefore, is the proper defendant for plaintiff's Title VII claim. See 42 U.S.C. § 2000e-16(c); Gardner v. Gartman, 880 F.2d 797, 798 (4th Cir. 1989) ("[U]nder the terms of [§ 2000e-16(c)], Gardner had to file suit against the head of the United States department for which she worked. Since she worked for the Navy, she was required to name the Secretary of the Navy."). Because plaintiff failed to name the Secretary of Veterans Affairs as a defendant, her complaint must be dismissed for lack of subject matter jurisdiction.[1]

B.      Possibility of Amendment

"Although Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment to a complaint may relate back to the filing date of the original complaint, a strict test applies when a plaintiff seeks to relate back the joinder of a party." Gardner, 880 F.2d at 798. The four elements of the test are as follows:

> (1) The basic claim must have arisen out of the conduct set forth in the original pleading; (2) The party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3)That party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) The second and third requirements must have been fulfilled within the prescribed limitations period.

Schiavone v. Fortune, 477 U.S. 21, 30 (1986). Regarding the second and third elements, the Fourth Circuit has held that the naming of the wrong government party or official does not place the proper government party or official on notice of the suit. Gardner, 880 F.2d at 799.

In the present case, the Secretary of Veterans Affairs is the proper party, and notice was not given to the Secretary within the requisite time period. See 42 U.S.C. § 2000e–16(c). As a result, there can be no relation back for purposes of amending the complaint to join the Secretary of Veterans Affairs as a party. Gardner, 880 F.2d at 799 ("Since Gardner works for the Department of the Navy,

---

[1] Where the court grants defendants' motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction, the court does not reach the additional ground for dismissal based upon untimely service.

6

the Secretary of the Navy is the proper party. Notice was not given to the Secretary during the applicable time period and there can be no relation back for purposes of amending Gardner's complaint to join the Secretary as a party.").

Accordingly, where the instant complaint is time barred, and where there is no basis for relation back of an amended complaint, dismissal in this case is without provision of leave to file an amended complaint.

C.  Motion for Entry of Default

Where the court lacks subject matter jurisdiction, plaintiff's motion for entry of default is denied. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citations omitted)); cf. Koehler v. Dodwell, 152 F.3d 304, 308 (4th Cir. 1998) ("A judgment entered by a court that lacks subject-matter jurisdiction is void."); see also Wright & Miller, Fed. Prac. & Proc. § 2682 (3d ed.) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought.").

## CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default (DE 17) is DENIED, and defendants' motion to dismiss (DE 21) is GRANTED. Plaintiff's complaint is DISMISSED for failure to state a claim and for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2021.

LOUISE W. FLANAGAN
United States District Judge